1  ALEXANDER M. CHEMERS, CA Bar No. 263726
   zander.chemers@ogletree.com
2  SAMUEL KNECHT, CA Bar No. 314693
   samuel.knecht@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  400 South Hope Street, Suite 1200
   Los Angeles, CA 90071
5  Telephone: 213-239-9800
   Facsimile: 213-239-9045
6
7  Attorneys for Defendant
   GUARANTEED RATE, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA SOTOLONGO, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GUARANTEED RATE, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. **'23CV1348 AJB BLM**<br><br>**DEFENDANT GUARANTEED RATE, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446 (DIVERSITY)**<br><br>[Filed concurrently with Civil Cover Sheet; Declarations of Declarations of Alexander M. Chemers, Michele Nunn and Nikolaos Athanasiou in Support of Removal; Certification of Interested Parties and Disclosure Statement]<br><br>Complaint Filed: April 3, 2023<br>Trial Date:　　　None<br>District Judge:　Hon. _____<br>　　　　　　　　Courtroom ___ |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF VERONICA SOTOLONGO AND HER ATTORNEYS OF RECORD:**

Defendant Guaranteed Rate, Inc. ("GRI") removes this action from the San Diego County Superior Court to the United States District Court for the Southern District of California pursuant to 28 U.S.C. Sections 1332, 1441, and 1446. GRI may remove this action to this Court under Sections 1332 and 1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. GRI declares the facts set forth were true when Plaintiff filed the operative Complaint and remain true as of the filing of this Notice, as more fully set forth below.

## I. STATE COURT ACTION

1. Plaintiff is a former employee of GRI. On April 3, 2023, she filed her Complaint in the San Diego County Superior Court, Case No. 37-2023-00013570-CU-WT-CTL ("Action"). The Complaint alleges causes of action for (1) discrimination, (2) retaliation, (3) failure to prevent discrimination and retaliation, (4) failure to provide reasonable accommodations, (5) failure to engage in the interactive process, and (6) wrongful termination.

2. On June 23, 2023, Plaintiff served GRI with the Complaint. (Declaration of Michele Nunn ("Nunn Decl."), ¶ 5.) A copy of the Complaint is attached to this Notice of Removal as **Exhibit 1**, and GRI has attached copies of the Proof of Service, Summons, Civil Case Cover Sheet, and Notice of Case Assignment and Case Management Conference, as **Exhibit 2**. (Declaration of Alexander M. Chemers ("Chemers") Decl., ¶ 3.) It has also attached a copy of its Answer filed in San Diego County Superior Court as **Exhibit 3**. (*Id*. at ¶ 4.) Exhibits 1 through 3 constitute all pleadings, process and other documents GRI has received or filed in this action. (*Id*. at ¶ 5)

/ / /

3. Plaintiff has not yet identified any of the fictitious "Doe" defendants named in the Complaint.

## II. TIMELINESS OF REMOVAL

4. Under 28 U.S.C. Section 1446(b) and Federal Rule of Civil Procedure 6(a), GRI's deadline to remove is July 24, 2023. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999). This Notice of Removal is timely.

## III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

5. <u>Citizenship of Plaintiff</u>. For diversity purposes, an individual is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place where he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

6. Plaintiff is, and at all times relevant to this action has been, a citizen of the United States and a domiciliary of the State of California. (*See* Ex. 1, Complaint, ¶ 2; Nunn Decl., ¶ 3.)

7. <u>Citizenship of GRI</u>. The citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). GRI is a Delaware Corporation with its principal place of business in Chicago, Illinois. Since its incorporation, GRI's headquarters have been in Chicago and its executive management has directed, controlled, and coordinated its activities from there. At no point has GRI been organized under the laws of California or had its principal place of business there. (Declaration of Nikolaos Athanasiou "Athanasiou" Decl., ¶ 2.)

8. <u>Citizenship of "Doe" Defendants</u>. The Court should disregard the citizenship of fictitiously named "Doe" defendants for the purposes of removal. 28 U.S.C. § 1441(b)(1); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

9. As set forth above, this is a civil action between citizens of different states. 28 U.S.C. §§ 1332 and 1441. Complete diversity exists between the parties.

## IV. THE JURISDICTIONAL MINIMUM IS MET

10. Based on Plaintiff's allegations, the amount in controversy exceeds the sum or value of $75,000, excluding interest and costs. **Plaintiff provided a "Statement of Damages" with the Complaint that expressly alleges at least $7,000,000 in controversy**.

11. The Statement of Damages, which is included in Exhibit 2 to this Notice of Removal, states as follows:

> Plaintiff, VERONICA SOTOLONGO hereby provide to Defendants the following Statement of Damages:
>
> | | | | |
> |---|---|---|---|
> | 1. | General Damages: | In excess of | $1,000,000.00 |
> | 2. | Special Damages: | In excess of | $1,000,000.00 |
> | 3. | Punitive Damages | In excess of | $5,000.000.00 |

12. Consequently, there can be no dispute that Plaintiff has placed at least $75,000 in controversy. In fact, she expressly seeks at least $7,000,000, nearly one hundred times the jurisdictional requirement.

13. While no further showing should be required, GRI, for the sake of form, further explains why Plaintiff's claims plausibly place at least $75,000 in controversy. The amount in controversy can be determined by analyzing the allegations and computing damages based thereon. This includes Plaintiff's claims for economic damages, general damages, punitive damages, and attorney fees.

14. Plaintiff worked as a mortgage lender. She alleges GRI wrongfully terminated her because of her disability and in retaliation for taking medical leave. (*See* Complaint, ¶¶ 16-19.) For this, she seeks back pay, front pay, commissions, benefits, punitive damages, emotional distress damages, costs of suit, attorney fees,

3                                Case No. _____
DEFENDANT GUARANTEED RATE, INC.'S NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446 (DIVERSITY)

1 and expert witness fees. (*See* Complaint, p. 15 [Prayer for Relief].)

2     15.    Based on the allegations in the Complaint, GRI's conservative, good-faith estimate of the amount in controversy is in excess of $75,000. Specifically, GRI estimates the amount in controversy as follows:

    **A.**    **Compensatory Damages and Civil Penalty**

    16.    A removing defendant can base potential compensatory damages by calculating the amount of potential lost wages from the date of the plaintiff's termination, through removal. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). Here, Plaintiff earned approximately $65,000 per year. (Nunn Decl., ¶ 4.) She alleges that her employment ended on July 29, 2022. (*See* Complaint, ¶ 19.) Thus, almost exactly one year has passed since Plaintiff's employment ended. This results in potential lost wages equal to $65,000, through the date of removal and without even accounting for interest that has allegedly over accrued. This amount will continue to grow as the case develops.

    **B.**    **Emotional Distress Damages**

    17.    In the Complaint, Plaintiff seeks damages "for mental pain and anguish and emotional distress and loss of earning capacity[.]" (*See* Complaint, p. 15 [Prayer for Relief].)

    18.    A review of jury verdicts in California demonstrates that emotional distress awards to plaintiffs who successfully prove violations of California's Fair Employment and Housing Act ("FEHA") often exceed $75,000 even when the employee was not wrongfully terminated and even if economic damages are comparatively modest. For example, on the lowest end of the spectrum, the jury in *Cowart v. Los Angeles Cty. Metro. Transportation Auth.* concluded the plaintiff was not disabled and suffered no economic damages but nonetheless awarded $15,000 in non-economic damages. *See* No. CV1408092MWFPJWX, 2016 WL 184671 (C.D. Cal. Jan. 16, 2016). In *Crump vs. City of Los Angeles*, the plaintiff alleged he was reassigned to an undesirable position in retaliation for his complaints of

discrimination, although he did not lose rank or pay. 1 Trials Digest 16th 13, 2011 WL 9753272 (Cal. Super. May 19, 2011). Even so, the jury awarded $70,000 to plaintiff for past noneconomic loss and $650,000 to plaintiff for future noneconomic loss, both of which were significantly higher than the damages awarded for past and future economic loss. *Id*. Further, in *Hoffer v. Chevron U.S.A. Inc*., the plaintiff alleged defendant failed to hire her because of her age. JVR No. 1806040041, 2018 WL 4773163 (Cal. Super. Apr. 9, 2018). The jury awarded $150,000 in compensatory pain and suffering damages. *Id*. Finally, in *Scudder v. State of California*, *Department of Transportation*, the jury awarded plaintiff $1,000,000 in damages for pain and suffering based on his claim that he was subjected to retaliatory discipline and undesirable assignments due to his race—even though that plaintiff suffered no economic damages. JVR No. 1806120037, 2018 WL 3328025 (Cal. Super. Mar. 9, 2019).

19.   Here, an award of even $10,000 to Plaintiff for emotional distress damages, together with the approximately $65,000 in lost wages and additional amounts in interest, already exceed $75,000.  Plaintiff, however, does not seek a mere $10,000 and instead has placed in controversy a far greater amount.

**C.   Punitive Damages**

20.   "As is the case for emotional distress damages, the amount of punitive damages may be established based on jury verdicts in cases involving analogous facts." *Rodriguez v. Home Depot, U.S.A., Inc.* (N.D. Cal., July 19, 2016) 2016 WL 3902838, at *6 [citation omitted]. "The fact that the cited cases involve distinguishable facts is not dispositive, as long as the jury verdicts in the cited cases amply demonstrate the potential for large punitive damage awards in similar types of cases." *Id.*

21.   There are numerous wrongful termination and other employment-related cases where punitive damages alone exceeded the amount in controversy threshold. *See Escalante vs. Wilson's Art Studio*, 2001 WL 1104277 (Cal. Superior

June 18, 2001) (awarding $85,000 in punitive damages against former employer and coworker where plaintiff fired after coworker allegedly attacked the plaintiff); *Dackerman v. The Military Press*, 1996 WL 697486 (Cal. Superior Feb. 1996) (awarding $200,000 in punitive damages against former employer where plaintiff fired after complaining of sexual harassment and a hostile work environment); *Maxwell v. Beverly Enterprises-California, Inc.*, 1995 WL 864851 (Cal. Superior Ct. Nov. 1995) (awarding $1,550,000 in punitive damages where the plaintiff, a social worker who worked in a hospital, terminated in retaliation for reporting another employee to a state regulations agency for neglecting a resident); *Schell vs. City of Los Angeles*, 2001 WL 1720241 (C.D. Cal. 2001) (awarding $250,000 in punitive damages where plaintiff, an employee of the City of Los Angeles, terminated in retaliation for testifying against the City in a prior lawsuit).

22.     Like emotional distress damages, the punitive damages Plaintiff seeks could alone easily exceed $75,000.

**D.     Attorney Fees**

23.     Plaintiff seeks attorney's fees.  (*See* Complaint, p. 15 [Prayer for Relief].)

24.     Attorneys' fees may be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract); see also *Horsford v. Bd. of Trustees of California State Univ.*, 132 Cal. App. 4th 359, 394 (2005) ("prevailing party" is entitled to attorneys' fees "absent circumstances that would render the award unjust"). ]

25.     California's Fair Employment and Housing Act ("FEHA") expressly authorizes fee-shifting in favor of a successful plaintiff. Cal. Gov't Code § 12965(b). Campbell's seventh, eighth, and ninth claims for disability discrimination, harassment, and retaliation are brought pursuant to FEHA and thus attorneys' fees

can be factored into the amount in controversy here. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Courts within the Ninth Circuit have recognized that "attorneys' fees in individual discrimination cases often exceed the damages." *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002). For example, this Court has previously awarded $173,158.90 in fees to plaintiff after he prevailed on FEHA and other claims that were "neither difficult nor complex" and "adjudicated in a one-day bench trial." *Montano v. Bonnie Brae Convalescent Hosp. Inc.*, No. CV123462FMOAGRX, 2015 WL 12698407, at *5 (C.D. Cal. Sept. 14, 2015), aff'd, 686 F. App'x 479 (9th Cir. 2017). Following a five-day jury trial on four FEHA claims, this Court awarded plaintiff's counsel $315,360 in fees. *See Marshall v. Boeing Co.*, No. CV168630DMGMRWX, 2019 WL 4391111, at *2-5 (C.D. Cal. June 10, 2019). And in *Mengistu v. Hous. Auth. of the City of Los Angeles*, the Court awarded plaintiff's counsel $100,000 in fees following an "early mediation" and well before trial preparation after the parties agreed the Court would determine reasonable fees. No. CV155427MWFPJWX, 2019 WL 1771641, at *2 (C.D. Cal. Feb. 5, 2019).

26.     Here, the damages sought by Plaintiff far exceed the jurisdictional minimum. The availability of attorney fees pushes this number further beyond the threshold.

### E. Summary

27.     As shown above, the amount in controversy is much more than $75,000, including Plaintiff expressly claiming in her Statement of Damages that at least $7,000,000 is sought through her claims.

## V. ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

28.     In accordance with 28 U.S.C. Section 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending. Plaintiff originally filed her Complaint in the Superior Court of California for the County of San Diego, which is located within the Southern District of California. As

such, venue is proper in this Court under 28 U.S.C. Section 84(a) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1446 (a).

29. In accordance with 28 U.S.C. Section 1446(a), GRI attaches this Notice of Removal with Exhibits 1-2, which contain copies of all process, pleadings, and orders served upon or received by GRI.

30. In accordance with 28 U.S.C. Section 1446(b)(3), GRI filed this Notice of Removal within 30 days after it received a copy of the Complaint.

31. In accordance with 28 U.S.C. Section 1446(d), GRI will give written notice of the removal of this action to all parties and is filing a copy of that Notice with the Superior Court of California, County of San Diego.

## VI. CONCLUSION

For the foregoing reasons, GRI removes this Action to this Court. If this Court has a question regarding the propriety of this Notice of Removal, GRI requests it issue an Order to Show Cause so it may have an opportunity to more fully brief the basis for this removal.

DATED July 24, 2023

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Alexander M. Chemers
Alexander M. Chemers
Samuel Knecht

Attorneys for Defendant
GUARANTEED RATE, INC.